UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUDITH A. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:07cv1544 TCM |
| | ) |
| ST. LOUIS COUNTY BOARD OF | ) |
| ELECTION COMMISSIONERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on the joint motion to dismiss of defendants, the St. Louis County Board of Election Commissioners, John J. Diehl, Jr., Anita Yeckel, William Miller, Jr., and Chaim H. Zimbalist (hereinafter collectively referred to as "Defendants"), to dismiss Count I of the complaint in its entirety and to dismiss the allegations in Count II against the individual Commissioners. Plaintiff, Judith A. Taylor, alleges in Count I that she was discharged by Defendants from her employment in violation of Missouri public policy and in Count II that she was paid lower wages than her male counterparts, in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206.[2]

### Background

The following allegations are, for purposes of the instant motion, assumed to be true.

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2] This case was originally filed in state court and was removed to this court.

The St. Louis Board of Election Commissioners (the "Board") is the election authority for St. Louis County. (Compl. ¶ 3). The Board has an annual budget and retains employees year-round to keep various institutions advised of election laws. (Id. ¶ 9.)

Plaintiff's employment with the Board began in 1976. (Id.) During her employment, she was promoted through the ranks and spent the last eight years of employment as the Director of Elections, managing elections and directing day-to-day operations for the Board. (Id.)

In 2006, St. Louis County, St. Louis City, and Jefferson County "challenged a Missouri voter identification law in the Circuit Court of Cole County." (Id. ¶ 10.) Plaintiff was subpoenaed by these plaintiffs to testify. (Id.) She informed Mr. Diehl, the Board chairman, about the subpoena. (Id. ¶ 12.) He replied that she "ha[d] no right to do this" and "threatened her employment," telling her "[u]p to this point, I have left you alone." (Id.)

Plaintiff honored the subpoena and testified in August about the Board's budget. (Id. ¶ 14.) Two weeks later, the Board asked Plaintiff to retire; she refused. (Id. ¶ 15.)

"On or about February 24, 2007, Defendants fired Plaintiff." (Id. ¶ 16.) Plaintiff was not told why she had been fired. (Id.)

In Count I, Plaintiff alleges that her termination was because she testified pursuant to a lawful subpoena and was, therefore, a violation of a Missouri common law prohibition against discharging an employee for an act which "sound public policy would encourage." Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859, 875 (Mo. Ct. App. 1985). (Compl. ¶¶ 17-18.) This violation was "willful, deliberate, malicious, outrageous, and done with reckless and wanton disregard" for her rights. (Id. ¶ 20.)

- 2 -

In Count II, Plaintiff alleges she was paid less than male employees for equal work and under similar working conditions. (Id. ¶ 26.) She names as Defendants the Board and the individual Board members, sues these individuals in their official and individual capacities, and alleges that their conduct was "willful and in bad faith." (Id. ¶¶ 3-7, 27.)

Citing Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants argue Count I should be dismissed in its entirety because (a) the doctrine of sovereign immunity protects the Board and its individual members in their official capacities and (b) the doctrine of official immunity protects the individual Board members in their individual capacities. The individual defendants also argue that the EPA claim against them should be dismissed because there is no individual liability under the EPA as a matter of law. Plaintiff disagrees.

## Discussion

Issues of sovereign immunity raise a jurisdictional issue that should be presented in a Rule 12(b)(1) motion. **Hagen v. Sisseton-Wahpeton Comty. Coll.**, 205 F.3d 1040, 1043 (8th Cir. 2000) (citing Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995)). An argument that the allegations fail to state a claim on which relief can be granted should be presented in a Rule 12(b)(6) motion. Fed.R.Civ.P. 12(b)(6). Such a motion should be granted "'only if it appears beyond doubt that the plaintiff can prove no set of facts to warrant a grant of relief.'" **Katun Corp. v. Clarke**, 484 F.3d 972, 975 (8th Cir. 2007) (quoting Knieriem v. Group Health Plan, Inc., 434 F.3d 1058, 1060 (8th Cir. 2006)). Under this standard, "[t]he court assumes as true all factual allegations in the complaint"; however, "'the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal

requirements of the claim to avoid dismissal.'" **Levy v. Ohl**, 477 F.3d 988, 991 (8th Cir. 2007) (quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002)) (alteration added).

Count I:  Wrongful Discharge.  Defendants argue Count I should be dismissed as to the Board and the individual members in their official capacities because they are entitled to sovereign immunity.

The State of Missouri affords public entities with sovereign immunity "from liability and suit for compensatory damages for negligent acts or omissions."  Mo.Rev.Stat. § 537.600.1.  This immunity is explicitly waived when the liability and suit are for (1) injuries from motor vehicle accidents or (2) injuries caused by the condition of a public entity's property.  **Id.** § 537.600.1(1), (2). There is no exception for intentional torts committed by public officials.  See e.g. **Mauzy v. Mexico School Dist. No. 59**, 878 F.Supp. 153, 156 (E.D. Mo. 1995) (holding that sovereign immunity protected public entity from claims of slander and malicious prosecution).

Also, "[s]overeign immunity, if not waived, bars suits against employees in their official capacity, as such suits are essentially direct claims against the state." **Betts-Lucas v. Hartmann**, 87 S.W.3d 310, 327 (Mo. Ct. App. 2002).  Sovereign immunity does not, however, protect public entities from liability arising from "proprietary activities," which are "acts performed for the special benefit of the [municipality] . . . rather than acts 'performed for the good of all . . . by the governmental unit as an agent of the state.'" **Nichols v. Kirksville**, 68 F.3d 245, 247 (8th Cir. 1995) (quoting Aiello v. St. Louis Comty. Coll. Dist.,

830 S.W.2d 556, 558 (Mo. Ct. App. 1992)) (all but third alteration added). "Hiring and firing [municipal] employees are governmental, not proprietary, activities." **Id.** (alteration added).

The St. Louis County Board of Elections is a public entity. See **James v. Farrington**, 844 S.W.2d 517, 517 (Mo. Ct. App. 1992) (noting that Jackson County Board of Election Commissioners agreed that it was a public entity under § 537.600). As such it is entitled to sovereign immunity for liability in tort actions unless one of two statutory exceptions apply. Neither does. Additionally, firing employees is a governmental function, so the "proprietary activities" exception to the immunity doctrine does not apply. **Nichols**, 68 F.3d at 247.

Accordingly, the St. Louis County Board of Election Commissioners is protected by the doctrine of sovereign immunity from Plaintiff's claims against it in Count I.

The doctrine of sovereign immunity also protects the individual Board members from suit in their official capacity on the allegations in Count I. As noted above, sovereign immunity bars suits against public employees acting in their official capacities. **Betts-Lucas**, 87 S.W.3d at 327.

The next question is whether the doctrine of official immunity protects the individual Board members sued in their individual capacity in Count I.

"The doctrine of official immunity insulates [municipal] employees from suit in their individual capacities when liability arises from discretionary acts or omissions of a [municipal] employee." **Id.** (alterations added). See also **Heins Implement Co. v. Mo. Highway & Transp. Comm'n**, 859 S.W.2d 681, 694-95 (Mo. 1993) (en banc) (holding that

official immunity was intended to promote "the effective administration of public affairs by removing the threat of personal liability from those officials who must exercise their best judgement in conducting the public's business"). Official immunity only applies to "discretionary" actions and does not apply when liability flows from an employee's failure to perform a ministerial duty. **Betts-Lucas**, 87 S.W.3d at 327. "'[A] discretionary act requires the exercise of reason and the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued.'" **Id.** (quoting Edwards v. McNeill, 894 S.W.2d 678, 682 (Mo. Ct. App. 1995) (alteration added). On the other hand, ministerial acts are ones "requiring that the employee 'perform upon a given state of facts: . . . in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed.'" **Id.** (quoting Rustici v. Weidemeyer, 673 S.W.2d 762, 769 (Mo. 1984) (en banc)) (alteration in original).

The individual Board members correctly argue that firing an employee is a discretionary act for which official immunity normally applies and is not a ministerial act.

The allegations against them, however, are that in firing Plaintiff they acted maliciously, outrageously, in bad faith, and with wanton disregard for her rights. Official immunity does not apply to discretionary acts done in bad faith or with malice. **Mauzy**, 878 F.Supp. at 156 (citing State ex. rel. Twiehaus v. Adolf, 706 S.W.2d 443, 446 (Mo. 1986) (en banc)). Assuming, as the Court must, that Plaintiff's factual allegations are true, the Court finds that her claims in Count I against the individual Board members in their individual capacities should not be dismissed.

Count II: EPA. The individual Board members argue that Plaintiff's EPA claim against them should be dismissed on the grounds that she has failed to allege facts supporting individual liability.

The EPA prohibits a covered employer from discriminating against employees "on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d) (alterations added). The term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency . . . ." 29 U.S.C. § 203(d) (alteration added).

The individual Board members argue that they not "employers" as defined in the EPA.

The Eighth Circuit Court of Appeals has not addressed the issue of when an individual may be considered an employer under the EPA, but other circuits have. For instance, the First Circuit uses "an economic realities test" to determine when an individual employee may be liable under the EPA. **Danio v. Emerson Coll.**, 963 F.Supp. 61, 63 (D. Mass 1997) (citing Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983)). Under this test, the court examines, inter alia, whether the individual was substantially "involve[d] in decisions affecting the plaintiff's employment terms, conditions and compensation, and relative operational control in the workplace." **Id.** (alteration added). Cf. **Harris v. City of Harvey**, 992 F.Supp. 1012, 1013 (N.D. Ill. 1998) (noting that Seventh Circuit had not addressed question, but a number of district courts analyzing the EPA's definition of an employer had "concluded that actions an individual took as the agent of an employer cannot result in

- 7 -

individual liability" and had correctly concluded that an individual supervisor was not personally liable under the EPA).

Regardless of whether the First Circuit standard or the standard summarized in **Harris** applies, Plaintiff's claims against the individual Board members do not survive. Other than the conclusory allegation that these members are "employers" within the meaning of the EPA, Plaintiff fails to allege any facts supporting individual liability.[3] When considering a motion to dismiss, the Court "giv[es] no effect to conclusory allegations of law." **Stalley v. Catholic Health Initiatives**, 509 F.3d 517, 521 (8th Cir. 2007) (alteration added). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . rather than facts that are merely consistent with such a right." **Id.** (alteration added). Plaintiff's conclusory allegation that the individual Board members are employers within the meaning of the EPA does not satisfy this standard. Her Count II claims against the individual Board members will be dismissed.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that joint motion to dismiss of defendants, the St. Louis County Board of Election Commissioners, John J. Diehl, Jr., Anita Yeckel, William Miller, Jr., and Chaim H. Zimbalist is **GRANTED** in part and **DENIED** in part. [Doc. 6] It is GRANTED as to the claims in Count I against the St. Louis County Board of Election

---

[3] In support of her EPA claim against the individual Board members, Plaintiff cites **Brewster v. Barnes**, 788 F.2d 985, 993 (4th Cir. 1986). This decision concluded that the members of the two public entity boards were liable in their individual and official capacities for violating the EPA. The question of their liability as members or of the definition of an "employer" under the EPA was not before the court.

Commissioners and as to the claims against John J. Diehl, Jr., Anita Yeckel, William Miller, Jr., and Chaim H. Zimbalist in their official capacities. It is also GRANTED as to the claims in Count II against John J. Diehl, Jr., Anita Yeckel, William Miller, Jr., and Chaim H. Zimbalist. It is DENIED as to the claims in Count I against John J. Diehl, Jr., Anita Yeckel, William Miller, Jr., and Chaim H. Zimbalist in their individual capacities.[4]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of January, 2008.

---

[4] Defendants did not move for dismissal of the claims in Count II against the St. Louis Board of Election Commissioners.